## UNION SULPHUR CO. v. TEXAS GULF SULPHUR CO. et al.

District Court, S. D. Texas, at Galveston.
May 7, 1929.

No. 182.

Liskow & Irion, of Lake Charles, La., Ingram & Munson, of Wharton, Tex., and Fred R. Switzer (of Vinson, Elkins, Sweeton & Weems), of Houston, Tex., for plaintiff.

John M. Corbett, of Bay City, Tex., and John Broughton, Claude McCaleb, P. O. Settle, and John E. Green, Jr., all of Houston, Tex., for defendants.

HUTCHESON, District Judge. This is a motion to stay the proceedings in this court because of the pendency of a prior suit be-tween the same parties in a state court, on the ground that the two suits involve the same res. The controlling facts are:

That the Union Sulphur Company on March 24, 1928, filed in the district court of Wharton county, Tex., against the defendant Gulf Sulphur Company and the Gulf Production Company, the identical defendants named in the bill in this court, a suit involving certain lands in Wharton county, the purpose of which was to have canceled and annulled an oil, gas, and mineral lease executed on said lands, upon the ground of forfeiture.

After the filing of that suit, plaintiff herein on, to wit, February 19, 1929, filed its petition, in which it is alleged that this suit is of a local nature affecting real property situated in Wharton county, Tex., and within the Southern district of Texas, and that plaintiff was the owner of certain interests in the land, which interests were affected by a certain lease contract which should be forfeited, canceled, and erased from the records of Wharton county.

Following the filing of this suit, plaintiff, on February 25, applied to this court for an order for process against certain named defendants, resident out of this district, in said application alleging that it (plaintiff) commenced a suit in this court, the same being a bill to cancel a lease and remove cloud, as shown by the bill filed in said court, to enforce its legal rights to certain real estate therein described, lying and being situated in the county of Wharton, Southern district of Texas, Galveston division.

It is conceded that if both suits involve the res, the court should stay this, the one latest filed. But plaintiff asserts that, its allegations in the petition and application to the contrary notwithstanding, this is not a suit involving the res, but being in equity is necessarily and essentially in personam, citing and invoking the equitable maxim, "Equity acts in personam and not in rem," and Hart v. Sansom, 110 U. S. 151, 3 S. Ct 586, 28 L. Ed. 101.

The defendants reply that as to the invoked maxim, it has reference only to the preferred procedure which equity chose to adopt to enforce its decrees, and is of no service whatever in determining whether either generally or particularly, in an equity cause, a res or its fate is involved, and as to Hart v. Sansom they say that the expressions of that opinion as to the limitations upon the power of equity to directly affect a res were either dicta, or have been overruled in Arndt v. Griggs, 134 U. S. 317, 10 S. Ct. 557, 33

L. Ed. 918, and entirely abandoned in subsequent decisions, State and Federal.

 With both of these contentions of the defendants I agree.

As to the first, I think it has never been the law that a court of equity could not act in rem. It is true that its processes were most effectively employed through action against the person, but evidences are numerous, both of olden time and modernly, in which a court of equity has ordered a transfer by trustee to effectuate its decree, where the defendant has refused personal compliance with it.

In the United States, Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, early established that proceedings in equity, designed to enforce liens, were substantially proceedings in rem; Mr. Justice Field in that case stating:

"Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting same or to partition it among different owners" (no more specific instance of an equitable action than an equitable partition may be imagined). "In other words, such service may answer in all actions which are substantially proceedings in rem."

"It is true that in a strict sense, a proceeding in rem is one taken directly against property, and has for its object the disposition of the property, * * * but in a larger and more general sense, the terms are applied to actions between parties where the direct object is to reach and dispose of property owned by them, or of some interest therein. Such are cases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage or enforce a lien. So far as they affect property in the State, they are substantially proceedings in rem, in the broader sense which we have mentioned."

In the New York University Law Review of November, 1928, there appears an article by William F. Walsh, "Development in Equity of the Power to Act in Rem," in which this question is very fully and satisfactorily treated, the author arriving at the conclusion, with which I thoroughly agree, that "the conclusion seems irresistible that the power to act by decrees in rem is inherent in equity, and depends on no statute", and that equity has grown in power so that it may now do equity in the fullest sense, free of the restraining influence of the outgrown maxim, "equity acts in personam." But whether,

apart from the assistance of statutes providing for jurisdiction and regulating process in equitable actions affecting a res, equitable suits generally having as their object the cancellation of instruments affecting real estate could be said to affect the res, it would, under modern statutes and practice, be a straining against sense to say that a suit brought as this one was does not affect the res.

In Heck v. Nicholas et al. '(C. C. A.) 6 F.(2d) 10, it is said: "An action to remove a lien or set aside a mortgage affecting real property is in principle an action in rem to the same extent as an action * * * to foreclose a mortgage, both actions on the res."

In Robinson v. Kind, 23 Nev. 330, 47 P. 1, 977, it was held upon full authority that an action to cancel a deed to real and personal property is an action for the recovery of real property or of an estate or interest in it, or for the determination of such right or interest, and while not strictly a proceeding in rem, is so far as it affects property in the state to be treated substantially as such proceeding.

In Silver Camp Mining Co. v. Dickert, 31 Mont. 488, 78 P. 967, 67 L. R. A. 940, 3 Ann. Cas. 546, the Supreme Court of Montana declared that a suit for specific performance, while in form a suit in personam, is in effect a suit in rem which a state is competent to provide for by substituted process.

The general question is treated nowhere better than in Tennant's Heirs v. Fretts, Supreme Court of Appeals of West Virginia, reported in 67 W. Va. 569, 68 S. E. 387, 28 L. R. A. (N. S.) 625, 140 Am. St. Rep. 979, in which that court, upon exhaustive consideration and in an authoritative way, decided that a suit to remove cloud and acquire title is local in its nature, and in the course of that opinion declared, on page 389 (67 W. Va. 575): "We do not understand that equity jurisdiction, to pronounce a decree in rem is dependent upon statute. Pomeroy in his work * * * says: 'the decrees in a court of equity may be made to operate in rem to the same extent and in the same manner as judgments at law.' * * * The most usual method of procedure in equity is by decrees which directly affect the person. But it seems to be an established rule, that if the subject-matter of the suit is local and the relief sought is such that it requires the performance of no act of the defendant to give effect to the court's decree, it can make a decree which will operate directly upon the subject-matter."

Here plaintiff in its pleadings declares, as indeed it must, that the suit is local in its

nature; that it commenced its suit to enforce its legal rights to certain real estate described in its bill, and it invokes the federal statute providing for process in suits of a local nature.

It would be a strained conclusion, in the face of plaintiff's allegations and of the relief prayed for and in part already obtained by it in the matter of process, to declare that because equity prefers to act in personam this suit is personal, and does not in fact affect the res. But if the maxim is universal that equity acts only in personam and not in rem, and this is in that sense a personal suit, I think the suit here should be stayed because this suit does in fact affect the res, and it is of personal suits of an entirely different character that the courts are speaking when they say, as they did in Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, and International & G. N. R. Co. v. Adkins (D. C.) 14 F.(2d) 149, where the suits are purely personal, both suits may proceed without stay.

Let an order issue granting the stay.