UNION SOLVENTS CORPORATION v.
BUTACET CORPORATION et al.

No. 992.

District Court, D. Delaware.

Jan. 17, 1933

Ayres J. Stockly, of Wilmington, Del., M. K. Hobbs and George I. Haight (of Haight, Adcock & Banning) both of Chicago, Ill., for plaintiff.

Merrell E. Clark and Maxwell Barus (of Fish, Richardson & Neave), and Philip C. Peck, all of New York City, and William G. Mahaffy, of Wilmington, Del., for defendants.

NIELDS, District Judge.

Union Solvents Corporation, a corporation of the state of Delaware, brought this bill to perpetuate testimony against the Butacet Corporation, a corporation of the state of Delaware, Guaranty Trust Company of New York, a corporation of the state of New York, and Commercial Solvents Corporation, a corporation of the state of Maryland.

The bill of complaint recites that in a suit for patent infringement wherein the present defendants are plaintiffs and the present plaintiff is defendant, this court entered a decree holding that the Weizmann patent, No. 1,315,585, relating to a process for the production of acetone and butyl alcohol through the fermentation of starchy bodies by means of certain bacteria, was valid and had been infringed by this plaintiff, and providing for an accounting and for a perpetual injunction; it further recites that an appeal had been taken from that decree and the injunction stayed pending the appeal. The bill also recites that the plaintiff is now using in its fermentation process an organism which it was informed and believes to have been isolated, prior to Weizmann's invention, by Auguste Fernbach at the Institut Pasteur, in Paris, France; that if the decree of this court in the infringement suit is affirmed a dispute may arise between plaintiff and defendants "as to the identity of the bacteria and process being used" by the plaintiff; that plaintiff has reason to fear defendants will proceed against it by some proceeding in the infringement suit or by supplemental bill or by an original bill in this or some other United States court; that in any such event the plaintiff "must rely upon the testimony" of Fernbach and of others living in France "to prove and show that the above described Fernbach bacteria so employed by plaintiff herein were originated and developed by said Auguste Fernbach in the Institut Pasteur, Paris, France, in the years 1911 and 1912, long prior to the alleged discovery by Weizmann of the bacteria of said Weizmann patent"; that because of the time which may elapse before such dispute arises there is danger of the loss of the testimony of said witnesses "by reason of the death of one or all of them or otherwise"; that "the plaintiff herein is without power to bring its rights to use said above described Fernbach bac-

teria to an immediate judicial investigation"; and that the taking and preserving of the testimony of said witnesses is necessary for the protection of the rights of the plaintiff. The prayer of the bill is for the issuance of a commission to a proper party for the oral examination of the several persons named, and "for such other and further relief as equity and the usages of chancery may require." Plaintiff further prayed that an order be entered for substituted service of process upon Commercial Solvents Corporation and Guaranty Trust Company of New York, two of the defendants.

Defendants Guaranty Trust Company of New York and Commercial Solvents Corporation were served with a copy of the bill of complaint in this action, together with a copy of the order for substituted service, in New York City, within the Southern district of New York. Neither of these corporations maintains an office within the district of Delaware, nor could service upon either of them be made in the usual manner within this district.

Defendant, the Butacet Corporation, appeared specially and moved to dismiss the bill of complaint because: (a) The court has no jurisdiction over the other two defendants who are indispensable' parties; (b) the bill relates to the subject of an existing suit between the same parties pending in this court; and (c) the bill prays for other and further relief which is inconsistent with a bill to perpetuate testimony. Defendants Guaranty Trust Company of New York and Commercial Solvents Corporation appeared specially and moved to dismiss the bill for lack of jurisdiction over them, and for an order setting aside the order for substituted service and quashing the service made upon them.

■ The jurisdiction of this court to entertain a bill to perpetuate testimony arises from the general chancery jurisdiction of the court conferred by the Constitution of the United States. Properly conceived, such a bill is an original bill for relief. Langdell on Equity Pleading, § 201. By its terms this bill of complaint "is filed under the provisions of the statutes of the United States, particularly Section 866 of the Revised Statutes (title 28, § 644, U. S. Code)." Rev. St. § 866 (28 USCA § 644), provides: "In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus postestatem to take depositions according to common usage; and any district court, upon application to it as a court of eq-uity, may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States."

The Circuit Court of Appeals for this circuit has construed this section. Westinghouse Mach. Co. v. Electric Storage B. Co., 170 F. 430, 431, 25 L. R. A. (N.S.) 673. In that case the appellate court observed that the court below "drew no distinction between an application in a pending case under the first clause for a dedimus 'to take depositions according to common usage,' and an original bill in perpetuam rei memoriam 'according to the usages of chancery' under the second clause, in the 'Circuit Court, upon application to it as a court of equity.' We, however, are of opinion the two clauses are distinct and independent, contemplate different procedures, and the provisions of the first do not affect the second. And in this view we find support of authority.

"Since general chancery jurisdiction was vested in the federal courts by the Constitution itself (article 3, § 2), it follows that the provisions of Rev. St. § 866, in reference to Circuit Courts as courts of equity entertaining bills to perpetuate testimony, are but regulations or extensions of chancery jurisdiction in and to particular federal courts, and not the origin of such jurisdiction in federal courts generally. 2 Bates on Federal Procedure, § 663. Now the provision in that act for a dedimus is not for an original bill, or, indeed, for chancery relief, but for a supplementary proceeding in a case already brought."

Of the second clause of section 866, Judge Addison Brown said: "This provision is substantially the same as was enacted in the judiciary act of 1789. 1 Stat. 90, § 30. The 'usages' referred to are evidently those of the English chancery, no different chancery practice being then or since established here, in that regard. Counsel have not referred me to any authority, however, nor have I been able to find any, for proceeding in equity under any circumstances by mere ex parte petition to take depositions in perpetuam rei memoriam, without any bill filed, or process issued or served on the defendants in interest. The subject is treated with some fullness in the principal works on chancery practice. They all require the filing of an original bill and the service of process in the usual manner upon the defendants interested." Green v. Compagnia Generale Italiana Di Navigation (D. C.) 82 F. 490, 494.

■ Was service of process in the usual manner made upon the defendants Guaranty Trust Company of New York and Commercial Solvents Corporation? Each was served in New York City with a copy of the bill of complaint, together with a copy of the order for substituted service. No other service of process was made upon them. Obviously no service in the usual manner was made.

In the infringement suit [54 F.(2d) 400] this court found Guaranty Trust Company of New York the legal owner of the Weizmann patent, the Butacet Corporation, the equitable owner of the patent, and Commercial Solvents Corporation the exclusive licensee under the patent. Anything that will affect the validity or scope of the Weizmann patent will directly affect the interest of each defendant. It is clear, therefore, that each defendant has an interest in the subject-matter of this suit and in the testimony sought to be perpetuated by plaintiff. That testimony will be of service to the plaintiff only in connection with some proceeding based on the Weizmann patent. In any such proceeding Guaranty Trust Company of New York, the legal owner, is an indispensable party. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U. S. 24, 43 S. Ct. 254, 67 L. Ed. 516. If damages are sought, Commercial Solvents Corporation, the exclusive licensee, is also an indispensable party. It follows that the court is without jurisdiction of the cause if indispensable parties are not in court.

May substituted service be resorted to? This is a civil suit in equity brought in a District Court by original process against three defendants, of whom Guaranty Trust Company of New York and Commercial Solvents Corporation are two. Rev. St. § 739 (28 USCA § 112) provides: "* * * Except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." As stated elsewhere the two defendants above named are not inhabitants of this district. To be sued here they must come within Title 28 USCA §§ 113 to 118. Ob-

viously sections 113 to 117 have no application. Section 118 empowers the court to make an order directing defendants, who are not inhabitants of the district, to appear, and further empowers the court to have such order served wherever the defendants may be found. The bill of complaint contains no reference to this section. It is not alleged that the suit is one "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district." To establish jurisdiction such allegation is necessary yet no such allegation could be made in this suit. Here the plaintiff seeks to obtain depositions and thereby arm itself against contempt proceedings or against another infringement suit. Clearly the "title to real or personal property within the district" is not involved.

■ At the argument and in its brief plaintiff attempts to abandon its bill of complaint and says: "The jurisdiction of the court over this proceeding arises because this bill is ancillary to and in subordination to the patent infringement suit in which the parties were reversed. That the application to the court is in the form of a new suit does not indicate in the remotest degree that it is not ancillary." And further that, "Since this is an ancillary suit, substituted service such as was had upon the two defendants who are not inhabitants of the district of Delaware, namely, Guaranty Trust Company and Commercial Solvents Corporation, is sufficient and permissible." There is no authority for holding this suit ancillary to anything. The bill of complaint is in the form of an original bill and does not suggest that it is ancillary. Nothing that can be achieved by this suit can possibly affect the conclusion reached in the infringement suit. The injunction in that suit must issue and must be respected.

Whether the testimony sought to be perpetuated would be admissible if defendants should proceed against plaintiff for contempt, by supplemental bill or by a new bill of complaint cannot be considered in disposing of these motions.

The bill must be dismissed.