(No. 38607.—

MARGARET SUFFOLK *et al.,* Appellees, *vs.* RALPH CHAPMAN *et al.*—(GERALD HERBERT LESLIE SWEET *et al.,* Appellants.)

*Opinion filed November 24, 1964.*

WINSTON, STRAWN, SMITH & PATTERSON, and WILLIAM A. McSWAIN, both of Chicago, (ARTHUR D. WELTON, JR., THOMAS S. TYLER, and EDWARD J. WENDROW, of counsel,) for appellants.

WILSON & McILVAINE and JOHN B. ANGELO, both of Chicago, (CALVIN F. SELFRIDGE, CLARENCE E. FOX, and JOHN B. ANGELO, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

This case presents the question whether personal jurisdiction over expected adverse parties is necessary in a proceeding to perpetuate testimony. Margaret Suffolk and certain other descendants of Levi Z. Leiter, deceased, filed their original petition in the circuit court of Cook County on March 18, 1964, praying for an order to take her deposition concerning the circumstances surrounding the decedent at the time he made his will. Most of the named defendants are nonresidents and were not served with summons in this State. They appeared specially and moved to dismiss on the ground that the court had no jurisdiction over them. The court denied the motions and authorized the deposition to be taken. Defendants' appeal comes directly to this court because a constitutional question is involved.

Margaret Suffolk, 84 years of age, is the last surviving child of the testator, Levi Z. Leiter. He died in 1904 leaving a widow and four children. His will established a residuary trust for their benefit, to be terminated upon the death of the last surviving child. According to the present petition

certain descendants have intimated that they consider the distribution provisions ambiguous and that it will be necessary to obtain a judicial construction thereof. The petition further alleges that Margaret Suffolk was living in the testator's household at the time of the execution of his will, that she was familiar with his personal and financial affairs in his relation with his family, and that she is the only person now living and known to petitioners who is aware of the circumstances surrounding the testator when he made the will.

Insofar as it is pertinent section 39 of the Evidence Act provides that where a person desires to perpetuate the remembrance of a matter necessary to the security of an estate he may file a petition setting forth his interest in the subject, the fact intended to be established, the names of all others interested therein, and the name of the witness proposed to be examined. The section further provides that "the procedure for the giving of notice to interested persons, including unknown owners, and the manner of taking the deposition shall be that provided by the rules of the Supreme Court now or hereafter in effect for the taking of depositions for the perpetuation of testimony." Ill. Rev. Stat. 1963, chap. 51, par. 39.

Supreme Court Rule 21 provides for an order to take depositions before action, if the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice. The plaintiff is required, in his petition, to show "(1) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, (2) the names or a description of the persons interested or whom he expects will be adverse parties and their addresses so far as known, and (3) the names and addresses of the persons to be examined." The Rule further reads as follows: "The petitioner shall serve upon each person named or described in the petition as respondent a copy of the petition, together with a notice stating that the

petitioner will apply to the court, at a time and place designated in the notice, for the order described in the petition. Unless a shorter period is fixed by the court, the notice shall be served either within or without the State at least 20 days before the date of hearing, in the manner provided for service of summons. If service cannot with due diligence be made upon any respondent named or described in the petion, the court may by order provide for service by publication or otherwise. For persons not personally served and not otherwise represented, the court shall appoint an attorney who shall represent them and cross-examine the deponent. If any respondent is a minor or incompetent or not yet in being, a guardian ad litem shall be appointed to represent his interests." Ill. Rev. Stat. 1963, chap. 110, par. 101.21.

It is not disputed that the notice provisions have been complied with, nor is it contended that they were insufficient to afford defendants an opportunity to participate in the proceedings. What the defendants maintain is that in the absence of jurisdiction either in *personam* or *in rem*, notice itself is not enough to support the order of the court, that it is beyond the power of the State to authorize proceedings against nonresidents upon such service.

The law has long been settled that to subject a nonresident to personal liability or obligation it must be shown that he has had some form of contact with the State. (*Hanson* v. *Denckla,* 357 U.S. 235, 2 L. ed. 2d 1283.) But the requirements are constantly shrinking—since modern transportation and communication make it far less burdensome for the nonresident to defend—especially where the State of the forum "has a manifest interest in providing effective means of redress." (*McGee* v. *International Life Ins. Co.* 355 U.S. 220, 2 L. ed. 2d 223.) And where it is not sought to impose any personal liability or obligation there seems to be little reason for requiring the contacts necessary for personal jurisdiction.

Insofar as we have been able to discover, the question presented in this case has not heretofore been considered, either in this State or elsewhere. Proceedings to perpetuate testimony have long been recognized, however. The substance of our section 39 has existed in Illinois since 1819, and the United States Supreme Court has pointed out that bills of this nature were known as an independent branch of equity jurisdiction before the adoption of the Federal constitution. (*Arizona* v. *California,* 292 U.S. 341, 347, 78 L. ed. 1298, 1300.) Congress has provided for the exercise of this jurisdiction by the Federal courts, and as the court said in the case cited "The sole purpose of such a suit is to perpetuate the testimony."

Respondents insist that no *res* is involved or subject to the court's jurisdiction and that the proceeding therefore cannot be one in *rem* so as to support the substituted-service provisions. The conclusion is then urged that jurisdiction must exist *in personam* to enable the court to proceed, and that since it is conceded that no such jurisdiction was obtained over these nonresidents they are not bound by the order. We cannot accept the argument. The manifest object of taking these depositions is to prevent failures and delays of justice, and it is an express condition to the granting of an order that the court be satisfied that perpetuation of the particular testimony may do so. However the proceeding may be classified with regard to actions *in rem* and those *in personam,* we think the general power of Illinois to provide an effective administration of justice in its courts, and its evident interest in doing so, establishes beyond doubt the specific power to order depositions for the present purpose even though expected parties may be nonresidents, provided that full opportunity is accorded them to appear and cross-examine.

Restrictions on the jurisdiction of State courts arise from territorial limitations on the power of the respective States. (*Hanson* v. *Denckla,* 357 U.S. 235, 251, 2 L. ed. 2d

1283, 1296.) An *in rem* jurisdiction is founded on physical power, the basis being the presence of the subject property or status within the territorial jurisdiction of the State. (*Hanson* v. *Denckla,* 357 U.S. 235, 246, 2 L. ed. 2d 1283, 1293.) If power is the test of jurisdiction, it is satisfied as well in the present case as it is in an *in rem* proceeding. The expected litigation will take place in Illinois and the witness is here, fully subject to the process of the court. No personal obligation is sought to be imposed upon defendants nor will the court be obliged in any way to send its process outside Illinois to enforce its order or decree.

A somewhat similar question was presented in *Mullane* v. *Central Hanover Bank and Trust Co.* 339 U.S. 306, 94 L. ed. 865. There a New York bank filed a petition for settlement of its account as a common trustee. Such a trustee pools the assets of a number of small trust estates for investment purposes, and the decree sought is binding and conclusive upon everyone having an interest in the common fund. The beneficiaries were numerous and included nonresidents. Pursuant to statutory authority they were given notice only by newspaper publication addressed generally to all parties interested in the fund or the participating estates. Kenneth J. Mullane was appointed special guardian and attorney for persons known or unknown not otherwise appearing who had or might thereafter have an interest in the fund's income. He appeared specially, objecting to jurisdiction. The objections were overruled, and after a final decree was affirmed in the State courts of review the guardian appealed further to the United States Supreme Court. He contended that the proceeding was one *in personam* in that the decree affected neither title to nor possession of any *res* but adjudged only personal rights of the beneficiaries to surcharge the trustee for negligence or breach of trust, and that the court was therefore without jurisdiction as to nonresidents.

In rejecting the contention the court declared that

"Without disparaging the usefulness of distinctions beteen actions *in rem* and those *in personam* in many branches of law, or on other issues, or the reasoning which underlies them, we do not rest the power of the State to resort to constructive service in this proceeding upon how its courts or this Court may regard this historic antithesis. It is sufficient to observe that, whatever the technical definition of its chosen procedure, the interest of each state in providing means to close trusts that exist by the grace of its laws and are administered under the supervision of its courts is so insistent and rooted in custom as to establish beyond doubt the right of its courts to determine the interests of all claimants, resident or nonresident, provided its procedure accords full opportunity to appear and be heard." (339 U.S. at 312-313, 94 L. ed. at 872.) The court then went on to hold, however, that as to the known beneficiaries a mere newspaper notice was inadequate to afford due process, since it was not reasonably calculated to reach those who could readily be informed by mail.

Of a like tenor, although not dealing with constitutional contentions, is the opinion in *De Wagenknecht* v. *Stinnes,* 250 F.2d 414 (D.C. cir. 1957). That case involved a deposition to perpetuate testimony under Federal Rule 27. The Federal Rule provided that the petition may be filed in the U.S. district court in the district of the residence of any expected adverse party. It stated further that 20 days' notice should be served either within or without the district or State in the manner provided in Rule 4(d) for service of summons, "but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service by publication or otherwise, and shall appoint, for persons not served in the manner provided in Rule 4(d), an attorney who shall represent them, and, in case they are not otherwise represented, shall cross-examine the deponent." The respondents were nonresidents of the dis-

trict and the court ordered service to be made by mail. The attorney appointed to represent them objected to jurisdiction, but the trial court nevertheless entered an order granting the petition. In affirming the order the Court of Appeals observed "While there are apparently no reported cases on the point, it would appear that if all expected adverse parties are non-resident aliens the proceedings for perpetuation should not fail for lack of a proper district, provided there are proper safeguards as to notice and service of process, or other method of bringing the proceeding to the attention of the non-resident aliens. In such case, and under the above conditions, the filing of the proceeding may be accomplished in any Federal District Court. See 4 Moore Federal Practice, Sec. 27.04 (2d ed.). Here, certainly, there was adequate notice and service; and it is hard to see how, under the circumstances of this case, appellants have been harmed. To hold otherwise might result in a denial of justice." Similar observations are appropriate in the case at bar. There was adequate jurisdiction to order the deposition in question.

*Union Solvents Corp.* v. *Butacet Corp.* 2 F. Supp. 375 (D.C. Del. 1933), upon which the defendants rely, is not applicable to the constitutional issues involved here. In that case it was held that substituted service on nonresidents was not sufficient to confer jurisdiction, but the holding was based upon a Federal statute providing, with exceptions not applicable to the case, that "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." The court pointed out that the proceeding was a civil suit in equity brought in a district court by original process, and that two of the three defendants were not inhabitants of the district. There is no comparable statute in the case at bar.

Defendants further contend that Rule 21 violates due process in authorizing the appointment of a guardian *ad*

*litem* for minor defendants not personally served in Illinois and the appointment of an attorney for the nonresident adults. There is no merit in the contention. The sole purpose of the proceeding is to perpetuate testimony. No personal recovery is sought against any of the defendants, and as we have indicated, the notices required and given were reasonably calculated to inform them of the time and place of the deposition. The provisions for appointing a guardian *ad litem* and an attorney are additional safeguards of defendants' interests, and regardless of whether or not they are constitutionally necessary defendants cannot complain of their presence.

Defendants also argue that the petition fails to state the facts which the plaintiffs expect to show by the deposition, that an ambiguity in the will, as well as other relevant matters, are not sufficiently alleged therein, and that since minors are involved the "Failure to offer any proof" is reversible error. We have examined all of the contentions and find them to be without merit. The present purpose is not to admit the witness's testimony into evidence or establish that the will is ambiguous. It is merely to preserve the testimony in case a suit to construe the will should be brought some time in the future and extrinsic evidence should become admissible. The petition sufficiently apprised defendants of the subject matter, the proposed scope of the inquiry, and the reasons for making it. Proof of its allegations with the formality of an ordinary lawsuit is not required, the rule providing simply for an order "if the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice."

We find no error in the proceedings below, and the order of the circuit court will be affirmed.

*Order affirmed.*