420 P.2d 584

**AMERICAN TITLE & TRUST COMPANY, Appellant,**

v.

**John C. HUGHES, Appellee,**

**Robert G. Mooreman, Receiver of American Title & Trust Company, Receiver.**

**No. I CA–CIV 237.**

Court of Appeals of Arizona.

Dec. 5, 1966.

Anderson & Brinkman, by William W. Anderson, Phoenix, D. Kelly Turner, Scottsdale, for appellant.

Hughes & Hughes, by John C. Hughes, Phoenix, for appellee.

Kramer, Roche, Burch, Streich & Cracchiolo, by Paul D. Levie, Phoenix, for the receiver.

STEVENS, Chief Judge.

The American Title and Trust Company, an Arizona corporation, filed its notice of appeal on 24 June 1965. On 2 September 1966, in Maricopa County Superior Court

Cause No. 191,659, Robert G. Mooreman was appointed Receiver of American Title and Trust Company, an Arizona corporation. Leave was granted to the Receiver to file a memorandum in relation to the appeal pending before this Court.

In the cause now under consideration, arising out of Maricopa County Superior Court No. 166,412, Hughes was the plaintiff and American Title was the defendant. A corporate officer failed to appear for deposition. The trial court granted the plaintiff's motion to strike the defendant's answer. The default of the defendant was entered. After notice, a hearing was had in relation to the entry of a default judgment and a judgment was entered in favor of the plaintiff and against the defendant. From this judgment the defendant has appealed. The issue before us relates to the propriety of the order striking the answer.

The facts, briefly outlined, are: The plaintiff is a duly licensed and practicing attorney. In his capacity as an attorney, he delivered lien releases to American Title with express instructions to not record the releases and to not release them for recordation until $10,810.03 had been received in hand by American Title. This instruction was accepted by American Title but was not observed. The releases were recorded, but the money was never paid to American Title. The lien holders demanded their money, and the plaintiff's client being unable to respond, the plaintiff made good the monies which should have been collected. He thereafter sued American Title for reimbursement.

The plaintiff proceeded with discovery by a series of written interrogatories. All interrogatories which were answered were answered by Keller in his capacity as Vice President and Senior Trust Officer. One of the interrogatories called for the names and titles of all American Title personnel who have " * * * material knowledge of the facts alleged in the plaintiff's complaint". In response thereto, Keller named himself in his official capacity and " * * * Joe Dolan, Vice President and

General Manager * * *". There were answers in the interrogatories which clearly established that Keller did not have personal knowledge as to all of the matters of inquiry.

On 29 January 1965, the plaintiff served upon American Title's counsel by mail two separate notices for the taking of depositions, one relating to Keller and the other relating to Dolan. Dolan's deposition was scheduled for 1:30 p. m. on 9 February and Keller's deposition was scheduled for 3:00 p. m. on the same date. The plaintiff urged upon the trial court and to this Court, and this was not disputed, that Dolan " * * * had been served with a subpoena three (3) days before * * *" the date scheduled for the taking of his deposition.

On the appointed day at 1:30 Keller and the attorney for American Title appeared. Dolan did not appear. No record was made by the reporter's transcript of the exchange of conversation of counsel. The following representations were made in memoranda filed in the trial court and are raised in this Court: The plaintiff urges that the attorney for the defendant stated, in substance, " * * * that he was informed by Mr. Dolan's secretary that Dolan had called her from the freeway and would be present shortly". Defendant's counsel urges that he stated, in substance, " * * * that at this place and time, counsel advised the plaintiff that Joe Dolan was out of the State, but was at that time, making his return to the State of Arizona".

On stipulation, the deposition of Keller proceeded at the hour of 1:30. Keller did not bring with him all documents which had been subpoenaed and it was not possible to complete the deposition on 9 February. The conclusion of the deposition was continued until 11 February. At the close of the 9 February session, the reporter's transcript discloses the following:

"Q. Mr. Keller, can you tell us whether Mr. Deolan is presently an employee of American Title & Trust Company?

"A. He is for the time, yes, sir.

"Q. For the purpose of the record, what is his office? What are his duties?

"A. His·title is vice-president and general manager.

"Q. And what are his duties as such?

"A. Well his general duties are to do such things as much (sic) promote the business development of the company, to act as corporate manager on behalf of the company, general supervision over other employees in the company. This is about as general as I can go.

"MR. HUGHES: Bill, I will see you at 2:00 o'clock on Thursday unless there is a communication from me in the meantime.

"On this deposition of Joseph Deolan, let the record show that he has not appeared at the time specified in the notice and the subpoena, and that the defendant is present through counsel and that the deposition of John D. Keller, which was scheduled at 3:00 o'clock, was taken in view of the absence of Mr. Deolan. And it is now approximately 25 minutes to 4:00 and Mr. Deolan has not appeared.

"I have nothing further."

Keller signed the deposition before it was filed and his only correction was to correct the spelling from "Deolan" to "Dolan".

. On 11 .February the plaintiff moved for an order striking the American Title answer by reason of the failure of Dolan to appear for deposition. This motion was properly served. The motion was argued before Judge Sterling on 4 March, both parties being present by their respective counsel, and was taken under advisement with leave to file memoranda. On 9 April (the abstract of record is in error in reciting 9 March), the Court entered its order which recites in part:

"* * * and the record herein being devoid of any facts that would excuse the said Dolan's appearance at said deposition, and it further appearing to the Court that the conduct of said Joe Dolan as an officer of said defendant corporation was willful within‘the meaning of Rule 37(d),

IT IS NOW ORDERED striking the Answer of the defendant corporation herein."

The answer having been stricken, the default of American Title was entered. On 13 April, the plaintiff gave notice that he would apply for judgment by default against the defendant on the 26th of April 1965, naming the place and hour. The plaintiff appeared at the appointed time and place. No one appeared on behalf of the defendant. Sworn testimony was presented and a formal written judgment was entered in the amount prayed for. These proceedings were held before Judge McCarthy.

In relation to Judge Sterling's order striking the answer, American Title urges an absence of a showing as to the materiality of the taking of Dolan's deposition. We are not called upon to rule relative to the effect of a failure to make such a showing in that the record adequately discloses Keller's lack of knowledge in relation to some aspects of the events which transpired in American Title's office and further discloses Dolan's identity as one who might have knowledge.

Rule 37(d) of the Rules of Civil Procedure, 16 A.R.S., is the key to the appeal. This rule provides in part:

"If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to ,take his deposition, after being served with proper notice, * * * the court on motion and notice may strike out all or·any part of any pleading of that party, * * * or enter a judgment by default against that party."

The vital words are "wilfully fails to appear". Defendant urges that it is the obligation of the plaintiff as the moving party to show a wilful failure and that the plaintiff has failed to do so. The defendant also urges that the case law (citing cases) sanctions a second chance. It is our opinion that it is unrealistic to require the. plaintiff·

**344**

to prove Dolan's state of mind. The plaintiff made a prima facie showing of wilful failure to appear. On this state of the record it became the defendant's burden to negative this prima facie showing. The defendant failed to come forth with any reasons for Dolan's absence. The defendant failed to tender Dolan for his deposition. Almost two months elapsed between the time of the filing of the motion and the entry of the order striking the answer.

Had there been a showing relative to the reason for Dolan's absence or a showing as to his availability for deposition after the motion of 11 February, we might be confronted with a different problem. In this case, the defendant failed to present to the trial court any basis upon which the trial judge can be held to have abused his discretion in relation to Dolan's absence. The trial judge clearly indicated the basis for his ruling and with this we agree.

The judgment is affirmed.

CAMERON and DONOFRIO, JJ., concur.