421 P.2d 542

Lincoln LISTON, Appellant,

v.

Brien H. BUTLER, Appellee.

Lincoln LISTON, Appellant,

v.

Robert K. BROWN, Appellee.

Nos. 1 CA–CIV 307, 1 CA–CIV 308.

Court of Appeals of Arizona.

Dec. 22, 1966.

Rehearing Denied Jan. 17, 1967.

Review Denied Feb. 21, 1967.

James E. Grant, Phoenix, for appellant.

Morris Rozar, Phoenix, for appellees.

CAMERON, Judge.

This is an appeal from a decision in two cases, Liston v. Butler (1 CA–CIV 307) and Liston v. Brown (1 CA–CIV 308), which were consolidated for hearing in the trial court as well as upon appeal. In 307, Brien H. Butler is the plaintiff and Lincoln Liston is the defendant. In 308, Lincoln Liston is the plaintiff and counterdefend-

ant; Robert K. Brown the defendant; and Brien H. Butler the defendant-intervenor and counterclaimant. From judgments in favor of Brien H. Butler, Lincoln Liston prosecutes these appeals.

We are called upon to determine:

1. The sufficiency of affidavits of bias and prejudice filed in the two cases by the attorney for Liston.

2. Jurisdiction of the court to render a judgment against Liston, a resident of Nevada, in the case wherein he was the defendant.

3. The question of abuse of the trial court's discretion in granting a default judgment in favor of Butler.

4. Whether the trial court properly allowed Butler to set aside the judgment and intervene in the Liston v. Brown suit.

The facts necessary for a determination of this matter are as follows: On 28 April 1964, Brien H. Butler brought a suit against the defendant, Robert K. Brown and wife, in the Justice Court of the Northwest Phoenix Precinct, Maricopa County, for amounts due and owing. At the time suit was brought, the Browns owned a 1964 Thunderbird automobile, subject to a purchase money lien in favor of the Associates Finance Corporation. After the suit was commenced, Brown, on 11 May 1964, executed a second lien on said automobile titled "chattel mortgage" in the amount of $1,500.00 in favor of Lincoln Liston, a resident of the State of Nevada. On 28 May 1964, Butler obtained a judgment against Brown in the Justice Court, and on 8 June 1964, a writ of execution was issued, but they were unable to locate the automobile. On 2 July 1964, a new title was issued to Brown by the Motor Vehicle Division of the Arizona Highway Department showing the first lien of Associate Finance Corporation and a second lien of Lincoln Liston. Meanwhile, the automobile was located, and on 25 September was sold at an execution sale to Butler. Butler then

paid $2,892.60 to Associates Finance Corporation and the first lien was satisfied.

Butler later learned of the $1,500.00 lien of Liston's and on 13 October 1964, filed his complaint in Maricopa County Superior Court (1 CA–CIV 307) against Lincoln Liston claiming that the purported lien of the defendant Liston was fraudulent, invalid, without consideration, and that "plaintiff's title to said automobile is not subject to any lien whatsoever of the defendants." Service pursuant to Rule 4(e) (1) and 4(e) (2), Rules of Civil Procedure, 16 A.R.S., was made upon the defendant Liston by the Sheriff of Eureka County, Nevada, on 26 October.

Three days after Butler filed his suit, Liston, on 16 October, instituted an action (1 CA–CIV 308) in the Maricopa County Superior Court against Brown for breach of contract and replevin. Defendant Brown accepted service of the summons on the same day. A default judgment was entered 24 November 1964, and on 28 November 1964, the automobile was seized by the Sheriff of Maricopa County from the possession of Butler and upon instructions of Liston's attorney the automobile was released to Brown, and the execution returned "unsatisfied."

Butler then petitioned to intervene in the Liston v. Brown suit as a party defendant, and to vacate and set aside and declare as totally void the judgment of 24 November 1964, for failure to join an indispensable party and for fraud perpetrated on the petitioner and the court itself. Butler moved to consolidate the two suits. Before these matters could be heard, the following affidavits were filed as to both actions:

"James E. Grant being duly sworn and according to law disposes and says that he is the attorney for plaintiff and duly authorized to make this affidavit,

"That the Honorable William H. Holohan is not qualified to hear the motion heretofore filed in this case for the reason that the plaintiff has reason to believe and does believe that he is biased and

prejudiced against this affiant in this cause and that a fair and impartial trial cannot be had in said court before said Judge.

/s/ James E. Grant "

The court refused to honor these affidavits. After hearing, the court, on 23 December, granted Butler's motion to intervene and set aside the judgment in Liston v. Brown, and to consolidate the two matters. After further action and motions the court granted judgment in favor of Butler in both cases.

## AFFIDAVIT OF BIAS AND PREJUDICE

 We are first called upon to determine the effect of the affidavit of bias and prejudice. A.R.S. § 12–409, quoted below on the subject of grounds for change of judge, states:

"A. If *either party* to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge *shall at once transfer the action.* * * *

"B. Grounds which may be alleged as provided in subsection A for change of judge are:

* * * * * *

"5. That the *party* filing the affidavit has cause to believe that on account of the bias, prejudice, or interest of the judge *he cannot obtain a fair and impartial trial.*" (emphasis ours)

Rule 11(b) of the Rules of Civil Procedure, 16 A.R.S., provides:

"* * * When in a civil action an affidavit is required or permitted to be filed, the pleading may be verified, or the affidavit made, by the party *or by a person acquainted with the facts, for and on behalf of such party.*" (emphasis ours)

Once a proper affidavit is filed, the Superior Court judge is without power to proceed, and must transfer the cause to another judge. Itule v. Farley, 94 Ariz. 242,

383 P.2d 127 (1963); Stephens v. Stephens, 17 Ariz. 306, 152 P. 164 (1915). The trial judge may even recognize an oral motion to disqualify. American Buyers Life Insurance Company v. Superior Court, 84 Ariz. 377, 329 P.2d 1100 (1958).

 Under our statute, the trial judge has no right to pass upon the truth or falsity of the facts alleged in the affidavit or adjudicate the question of his disqualification if the affidavit has been timely filed and is legally sufficient. The affidavit must, however, comply with the statute and the court may properly examine the affidavit for the purposes of determining whether or not it meets the requisites of the statute. If it does not, the court may, as here, disregard it.

 We hold that, whenever it is deemed necessary to make and file an affidavit of bias and prejudice on behalf of a party under the aegis of Rule 11(b), the affiant must conform to the requirements of the rule and affirm his personal belief in the tribunal's disqualification. The statute (12–409 A.R.S.) when read together with the rule requires that the affiant take oath concerning *his own* belief in the bias and prejudice of the judge. The vice of these affidavits is affiant's attempt to affirm the belief of another.

 The fact that the affiant claims that he represents the plaintiff when, in fact, he represents the defendant in Butler v. Liston, might be considered a clerical error, but the affidavit claims plaintiff believes that the judge is "biased and prejudiced against the affiant". The affiant is the attorney and we do not read the statute to indicate that an attorney may file an affidavit based upon the alleged bias and prejudice of the court towards the said attorney as a basis for a disqualification.

## JURISDICTION OF THE COURT OVER LISTON IN THE CASE OF Butler v. Liston

 We are next concerned with the jurisdiction of the court over Lincoln Lis-

ton, a resident of Nevada, in the matter of Butler v. Liston. Butler brought suit against Liston for fraud arising out of the matter of Liston v. Brown in which Liston had invoked the aid of the Arizona courts to allegedly commit a fraud on Butler, a resident of Arizona, and, if the allegations of Butler's complaint are correct, on the courts and the Motor Vehicle Division of the State of Arizona as well. Our Court has stated:

"There is nothing in these rules pertaining to service which specifies that service * * * by personal service out of the state or by registered mail have any different efficacy than service within the state in the usual manner." Bekins v. Huish, 1 Ariz.App. 258, 260, 401 P.2d 743, 745 (1965).

In the instant case, the defendant Liston was served with process by the Sheriff of Eureka County, Nevada, as provided by our rules which read in part:

"When the defendant is a * * * person * * * which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be the same effect as personal service within the state * * *." Rule 4(e) (2), Rules of Civil Procedure, 16 A.R.S.

Liston caused an "event to occur" in Arizona when he filed the $1,500.00 lien with the Motor Vehicle Division of the Arizona Highway Department. Liston caused a further event to occur in this State when he sought to foreclose the lien in Liston v. Brown. The suit in Butler v. Liston was a direct attack upon that lien and any resulting judgment:

" * * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he shall have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "·

International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Even were this not the case, it is noted that on 24 November Liston made a motion to dismiss which did not raise any jurisdictional issues and thereby entered a general appearance in the matter of Butler v. Liston which submitted him to the jurisdiction of the Arizona courts. Liston later, on 3 December, filed an amended motion to dismiss, but we do not believe this was timely filed in light of the prior appearance. Neither motion was supported by a memorandum of points and authorities as required by Rule IV, Uniform Rules of Practice, 17 A.R.S.

## THE QUESTION OF THE JUDGMENT

■ The appellant next raises the question concerning the default judgment obtained by Butler pursuant to Rule 37(d) after the failure of Liston to appear for his deposition.

As noted earlier, this matter began as two separately prosecuted cases, Butler v. Liston (1 CA–CIV 307) in which appellee herein sought to set aside a chattel mortgage given to Liston by Brown, and the suit to foreclose that mortgage, Liston v. Brown, in which case Butler was given leave to intervene.

An examination of the record before us indicates that Liston was defaulted for his failure to appear at the time set for the taking of his deposition in the case of Liston v. Brown and Butler. This is a matter wherein the jurisdiction of the Arizona court was originally invoked by Liston as the plaintiff. We note also that by motion filed 28 June 1965, the attorney for Liston moved to amend the judgment in Liston v. Brown to specifically provide that this judgment should also cover the action in Butler v. Liston.

The facts are confused as to the actions of both parties after the notice of deposition had been given by Butler. The file re-

flects, however, that at no time after his failure to appear for the deposition did Liston appear or offer, through his attorney, to appear for the purposes of having his deposition taken. Our rule states:

> "After notice is served for taking deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, * * * The court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." Rule 30(c), Rules of Civil Procedure, 16 A.R.S.

The file does not reflect that the attorney for Liston made any motion properly and timely filed in accordance with the rules to protect his client from his client's failure to attend this deposition. In a federal court case, the 9th Circuit Court of Appeals sustained the action of the District Court of the United States for the District of Arizona in dismissing an action of an out-of-state resident who willfully discarded a notice of deposition and failed to file a motion seeking to be relieved from his obligation under such notice. Collins v. Wayland et al., C.C.A. 9th (1944), 139 F.2d 677. This Court recently discussed the matter as follows:

> "The vital words are 'wilfully fails to appear'. Defendant urges that it is the obligation of the plaintiff as the moving party to show a wilfull failure and that the plaintiff has failed to do so. The defendant also urges that the case law (citing cases) sanctions a second chance. It is our opinion that it is unrealistic to require the plaintiff to prove Dolan's state of mind. The plaintiff made a prima facie showing of wilful failure to appear. On this state of the record it became the defendant's burden to negative this prima facie showing. The de-

fendant failed to come forth with any reasons for Dolan's absence. The defendant failed to tender Dolan for his deposition. Almost two months elapsed between the time of the filing of his motion and the entry of the order striking the answer.

> "Had there been a showing relative to the reason for Dolan's absence or a showing as to his availability for deposition after the motion of 11 February, we might be confronted with a different problem. In this case, the defendant failed to present to the trial court any basis upon which the trial judge can be held to have abused his discretion in relation to Dolan's absence. The trial judge clearly indicated the basis for his ruling and with this we agree." American Title and Trust v. Hughes et al., 1, 4 Ariz.App. 341, 420 P.2d 584, filed 5 December 1966.

## INTERVENTION AND CONSOLIDATION

In the suit of Liston v. Brown, Butler petitioned to set aside the judgment previously entered against Brown, and for other protective orders, and to intervene.

Rule 24(a) of the Arizona Rules of Civil Procedure states (prior to the 1966 amendment):

> "*Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action:
>
> * * * * * *
>
> "(3) When the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or of officer thereof."

Butler's interest in the automobile brings him within the meaning of part (3) of this rule in regard to the foreclosure suit denominated in Liston v. Brown.

The question remains if an application after judgment can be a "timely applica-

tion" within the meaning of the statute, after the action has been terminated by judgment.

■ The Arizona as well as the federal cases indicate that there are occasions where intervention is proper after judgment. John F. Long Homes, Inc. v. Holohan, 97 Ariz. 31, 396 P.2d 394 (1964); Pellegrino v. Nesbit, 9 Cir., 203 F.2d 463, 465, 37 A.L.R.2d 1296. See. 2 Barron & Holtzoff, Federal Practice & Procedure, § 594, page 368. In the case of Schuster v. Schuster, 75 Ariz. 20, 251 P.2d 631 (1952), our Supreme Court held that a motion to intevene some *nine years after judgment* was proper and thus by implication timely, under the circumstances therein.

The power of the court to allow Butler to intervene in the suit of Liston v. Brown will also depend upon the power of the court to set aside the previous default judgment against Brown upon motion of Butler who was not a named party to the suit. Our rules reads as follows:

> "On motion and upon such terms as are just the court may relieve a party or his legal representatives from a final judgment, order or proceeding for the following reasons:
>
> " * * * (3.) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) *or to set aside a judgment for fraud upon the court.* The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independant action." 60(c), Rules of Civil Procedure, 16 A.R.S. (emphasis ours)

Butler's petition to set aside and to intervene was supported by affidavits alleging fraud which matters also were set forth in

his complaint in the matter of Butler v. Liston.

■ Although there is a split of authority, we believe that the better rule is to allow a person who, though he may not be named a party in the action, to petition to set aside a judgment where the petitioner has been damaged thereby. Our courts have indicated that this would be the case in Arizona in two cases:

> "Having determined the court was without jurisdiction, and that the judgment was void from its inception, we find no merit in the contention of appellee that the court is without jurisdiction to proceed in a direct attack upon the judgment such as this is, in the absence of original parties to the action, for the reason that the judgment being a nullity may be set aside by the court upon the motion of any interested party, or upon its own motion." Schuster v. Schuster, 75 Ariz. 20, 30, 251 P.2d 631, 638 (1952).

And:

> "The order appealed from set aside the entire judgment as void. Appellant assigns this as error claiming that some of the named defendants were not properly before the court on the motion to vacate. As to these it is claimed that the judgment is still valid. This contention is not sound. * * * The court not only had the power but the duty to expunge from the record the judgment which clearly is void." Preston v. Denkins, 94 Ariz. 214, 223, 224, 382 P.2d 686, 692 (1963).

■ We believe that one whose interests are directly affected by a judgment in a proceeding to which he is not a party, may timely move to set aside such judgment, and the trial court after notice and hearing may set aside said judgment and grant a motion to intervene.

■ It is also noted that after consolidation of the two matters, most of the pleadings were filed in Liston v. Brown, in-

cluding the motion for taking deposition and the judgment. This was not raised on appeal and the motion of the attorney for Liston to "amend to judgment heretofore entered in Cause #167410 [Liston v. Brown] to specifically provide that this judgment shall also cover the cause of action in 167210 [Butler v. Liston]" has waived any default or omission of the parties or the court in filing their papers in only one of the actions rather than duplicate filings as might be the better practice.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.