DUANE YAZZIE, EDWARD RATION, AMBROSE B. ROANHORSE,

PHILLIP BILLY SMITH, HOWARD McKINLEY, FORD Y. BEGAY,

AND CLARENCE WARNER

Plaintiffs-Appellees

vs.

NAVAJO TRIBAL BOARD OF ELECTION SUPERVISORS, THE NAVAJO

TRIBAL COUNCIL, THE ADVISORY COMMITTEE OF THE NAVAJO

TRIBAL COUNCIL AND THE NAVAJO TRIBE OF INDIANS

Defendants-Appellants

Decided on May 26, 1978

Eric Eberhard, Michael Nelson and Robert Yazzie, D.N.A., Window Rock, Arizona, for Plaintiffs-Appellees

Lawrence A. Ruzow, Vlassis, Ruzow & Crowder, Phoenix, Arizona, for Defendants-Appellants

Before NESWOOD, Acting Chief Justice, LINCOLN (retired Chief Justice sitting by special designation) and WALTERS, Associate Justices

PER CURIAM

I.

This case came on appeal from a decision of the Window Rock District Court, entered February 24, 1978, ordering into effect a re-

apportionment plan devised by plaintiffs below and striking down Resolution CJA-14-78 in its entirety.

The facts of this case were adduced at a six day trial hearing and need not be repeated here except to state that Resolution CJA-14-78 adopted by the Council on January 27, 1978, established a reapportionment plan of ten (10) election districts each with eight delegates elected at-large and purported to restrict the right of the Navajo Courts to review Council acts. The plan further adopted the local Bureau of Indian Affairs population register as its data base.

II.

The issues presented on appeal are:

1.  Did the District Court have jurisdiction to review Council Resolution CJA-14-78?

2.  Should District Judge Merwin Lynch have disqualified himself from hearing the case virtue of his alleged pre-judice towards counsel for defendants below?

3.  Should the District Court have imposed its plan rather than upholding the plan approved by the Council?

III.

Counsel for appellants urges on us the doctrine that the Council has plenary power to abolish judicial review of its legislation or to pick and choose when such review may be exercised.

We reject this view for the reasons enunciated in Halona et al. v. MacDonald et al. Counsel for appellants seems bent on forcing this Court to accept his view that the Navajo Tribal Council is a law unto itself, unrestrained by a constitution and therefore not subject to federal law as we interpret it or to Navajo tradition.

We have previously explained our theory of the restraints imposed by 25 U.S.C. Secton 1302 on any Indian government organized as the Navajo government is and of the traditional and customary limits placed on the Navajo Tribal Council. It is sufficient only to repeat:

> Judicial review of Council actions is, in our view, mandated by 25 U.S.C. Section 1302(8) as well as by Navajo tradition and custom.
>
> We are reinforced in our view by 1 N.T.C. Section 8 of the Navajo Bill of Rights and by 7 N.T.C. Section 104, which has not been repealed directly or by implication requiring the courts of the Navajo Nation to apply federal law when it is appropriate to do so.

IV.

Judge Lynch was not shown at the trial to have exhibited any prejudice whatsoever towards the defendants. His participation in a

suit against counsel for defendants-appellants has no substantial bearing on his disposition towards the defendants themselves or towards the reapportionment plan purportedly drafted by them. It appears that defendants' counsel is arguing that bias against an attorney in a particular case prejudices that party's rights. However, there is ample case law which states that bias against a party's attorney is not sufficient to disqualify a judge. See Davis v. Board of School Commissioners of Mobile County, 517 F.2d 1044 (5th Cir., 1975), cert. denied 48 L.Ed.2d 188 (1975); United States v. Valenti, 120 F.Supp. 80 (D.N.J., 1954); Liston v. Butter, 4 Ariz.App. 460, 421 P.2d 542 (1966).

In those cases in which the bias of a judge towards a party's attorney has been held sufficient grounds disqualification of the judge, the bases for disqualification have always been a showing through affidavits of personal bias of such a degree as to adversely affect the client's interest.

Counsel for defendants failed to file any affidavits of prejudice. We fail to see why the Navajo Courts should expect less of counsel than any other courts.

In any case, the trial record clearly shows that the members of the Board of Election Supervisors and their staff all denied having drafted the reapportionment plan ultimately passed by the Council. In fact, they claimed to have seen that plan only on the morning of its presentation to the Council. Therefore, we cannot believe that even

given that Judge Lynch's position in the suit in federal district court in Phoenix indicated a bias against a certain reapportionment scheme there could have been any prejudice towards "defendants' plan" which was in fact non-existent, let alone against the defendants.

V.

Normally, courts should not impose their own reapportionment plans when those adopted by the legislature satisfy the minimum standards of applicable local and federal law.

The reapportionment plan adopted by the Council may have satisfied minimum federal requirements but in no way did it satisfy the unique requirements of the Navajo electorate.

Any plan adopted for the Navajo Nation must take into account chapter boundaries, agency boundaries, district grazing boundaries and other geographic symbols of the traditional clan relationship of the Navajo people.

To do otherwise is to impose alien concepts of the Navajo people in total disregard of their proud, historic and unique character.

Furthermore, the at-large election scheme embodied in the Council plan would cause utter confusion among the people and would immeasureably damage the acknowledged value of constituent identification with specific representatives.

-217-

The over-all plan adopted by the Window Rock District Court satisfies all of these requirements while the plan adopted by the Council does not. Therefore, in this instance the court acted properly in imposing its own plan for reapportionment.

While we realize that the District Court's plan is not solely one of single-member districts, it approaches that ideal as closely as possible given the current population distribution and criteria discussed above.

VI.

Therefore, the judgment of the Window Rock District Court is affirmed with the following modifications:

1.    The corrected revenue-sharing population figure of 134,000 shall be used for apportionment purposes.

2.    District Judge Lynch is directed to devise an acceptable method for determining domicile for Navajo voters in accord with the principle enunciated by this Court Halona et al. v. MacDonald et al.